# FRANCINE KOLODZIEJ, ADMINISTRATOR (ESTATE OF JASON A. GELINAS), ET AL. *v.* DURHAM AGRICULTURAL FAIR ASSOCIATION, INC., ET AL.
## (AC 26002)

Bishop, Rogers and Peters, Js.

Argued May 23—officially released August 1, 2006

*John-Henry M. Steele*, for the appellants (plaintiffs).

*Vincent T. McManus, Jr.*, for the appellee (named defendant).

*Opinion*

PETERS, J. The principal issue in this personal injury action is whether an association that invites members of the public to attend its agricultural fair has a duty of care to protect its attendees from accidental injury on an adjacent public highway. The issue arises in the context of claims that, under the law of negligence or nuisance, the association bore legal responsibility for the death of a fair attendee who, after leaving the fair, was struck and killed by a negligent driver on a public highway. Concluding that the association did not owe a duty of care to the attendee, the trial court granted the association's motion for summary judgment. The administrators of the estate of the fair attendee have appealed. We affirm the judgment of the trial court.

On September 22, 2003, the plaintiffs, Francine Kolodziej and Mark Gelinas, the administrators of the estate of Jason A. Gelinas, filed a complaint charging the defendant Durham Agricultural Fair Association, Inc.,[1] with responsibility for the death of their decedent, Jason A. Gelinas. The decedent was struck and killed on state Route 17 by an automobile operated by a person unrelated to the defendant.[2] The principal allegation in

---

[1] We refer in this opinion to the Durham Agricultural Fair Association, Inc., as the defendant. See footnote 3.

[2] The decedent was struck and killed by Marcy Jarzabek, an inexperienced driver who apparently did not see him on the road in front of her because she was operating her vehicle with a defective defroster.

the complaint was that the decedent's death had been caused by the defendant's "negligence and carelessness" in failing to take measures to prevent and alleviate dangerous and unsafe conditions for pedestrian traffic in and around the fair.[3]

The defendant denied its liability and filed a special defense alleging that the decedent had been contributorily negligent in failing to keep a proper lookout and in walking in the roadway of Route 17 rather than on an adjacent pedestrian sidewalk. It then filed a motion for summary judgment premised on its representation that it did not have a duty to protect the decedent from the injury that caused his death. On October 28, 2004, the trial court granted the defendant's motion, concluding that, as a matter of law, the defendant did not owe the decedent a duty of care.

On appeal, the plaintiffs claim that the trial court improperly granted the defendant's motion for summary judgment on the basis of its improper conclusion that the defendant did not owe the decedent any duty. We are not persuaded.[4]

As a preliminary matter, we set forth the well established standard that governs appellate review of a trial court's decision to grant a motion for summary judgment. "Our review of the trial court's decision . . . is

[3] A second count in the complaint charged the defendant association with having created a public nuisance. The plaintiffs have not appealed from the trial court's summary judgment for the defendant on that count. Similarly, the plaintiffs have not appealed from the trial court's summary judgment for two additional defendants, the first selectwoman of the town of Durham and the town itself, on grounds of municipal immunity.

[4] As the resolution of this issue is dispositive of the plaintiffs' appeal, we do not reach the plaintiffs' additional claim that the trial court improperly concluded that the defendant's conduct was not the proximate cause of the decedent's injuries. See *Ward* v. *Greene*, 267 Conn. 539, 565–66, 839 A.2d 1259 (2004) ("[i]f a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant").

plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Arnold* v. *Hoffer*, 94 Conn. App. 53, 57, 891 A.2d 63 (2006).

The court's memorandum of decision and the record reveal the following undisputed facts. "The decedent attended the defendant's fair on September 28, 2002. Shortly after leaving the defendant's fair, Marcy Jarzabek, while operating her vehicle without proper use of the defrost, struck and killed the decedent as he was walking along Route 17 in the town of Durham. At the time of the accident, the decedent was walking with his back to oncoming traffic near the shoulder of the road. The decedent failed to utilize the available public sidewalk or the shuttle bus service available to the fair attendees."

In *Murdock* v. *Croughwell*, 268 Conn. 559, 848 A.2d 363 (2004), our Supreme Court recently reiterated the legal principles that govern the plaintiffs' appeal. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action. . . . Thus, [t]here can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . [T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for

its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . .

"With respect to the second inquiry, namely, the policy analysis, there generally is no duty that obligates one party to aid or to protect another party. See 2 Restatement (Second), Torts § 314, p. 116 (1965).[5] One exception to this general rule arises when a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or to protect another. See W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 56, pp. 373–74; see also 2 Restatement (Second), supra, §§ 314A, 315[6] . . . . In delineating more precisely the parameters of this limited exception to the general rule, this court has concluded that, [in the absence of] a *special relationship of custody or control*, there is no duty to protect a third person from the conduct of another. . . . *Fraser* v. *United States*, 236 Conn. 625, 632, 674 A.2d 811 (1996)." (Emphasis in original.) *Murdock* v. *Croughwell*, supra, 268 Conn. 566.

In granting the defendant's motion for summary judgment, the trial court held: "There is no basis in the evidence for a conclusion that this defendant had a duty to control the driver of the motor vehicle that struck and killed the decedent or had a special relationship with the decedent that required it to protect the decedent from the negligence of the driver. Absent such a definite relationship between the parties, public policy

---

[5] Section 314 of 2 Restatement (Second), Torts provides: "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."

[6] Section 315 of 2 Restatement (Second), Torts provides: "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection."

does not require the imposition of a duty of care in this instance."

On appeal, the plaintiffs do not challenge this conclusion but argue instead that the defendant owed the decedent a duty of care pursuant to § 386 of the Restatement (Second) of Torts. Section 386 provides: "Any person, except the possessor of land or a member of his household or one acting on his behalf, *who creates or maintains upon the land a* structure or other *artificial condition* which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor." (Emphasis added.) 2 Restatement (Second), Torts § 386, p. 295–96 (1965).

The plaintiffs contend that a traffic safety plan drawn up by the defendant in conjunction with the 2002 fair created an artificial condition on the land within the meaning of § 386. More specifically, the plaintiffs assert that, in creating and implementing this traffic safety plan, the defendant should have realized that inadequacies in its outdated design would pose an unreasonable risk of physical harm to persons traveling to and from the fair. Like the trial court, we are not persuaded.[7]

As the court aptly noted: "Although the plaintiff[s] [allege] that the defendant was negligent because of its failure to implement an adequate traffic safety plan, the undisputed evidence establishes that the defendant did not control the implementation of the traffic safety plan.

---

[7] The plaintiffs' brief, with respect to this issue, merely reproduces their memorandum in opposition to the defendant's motion for summary judgment. As a result, the plaintiffs' brief does not address the factual findings made by the trial court in its memorandum of decision.

According to the uncontradicted affidavit of [the] president of the defendant, the board of selectmen for the town of Durham is the traffic authority for the operation of the defendant's fair. The state highway use permit is issued by the state traffic commission to the town of Durham to allow the use of certain state highways for the defendant's fair, including Route 17. The state highway use permit is not issued to the defendant. The state highway use permit specifies that a traffic safety plan must be developed for the safety of the fair participants and that the developed safety plan must be approved by the legal traffic authority of the town of Durham, which in this instance is the board of selectmen." Without specifically referring to § 386 of the Restatement, the court concluded that, on the basis of these facts, it could not infer that the defendant owed the decedent a duty of care.

After reviewing the record, we agree with the trial court that, under the circumstances of this case, the defendant owed no duty of care to the decedent. Even if we were to assume that a traffic safety plan qualifies as an "artificial condition" within the meaning of § 386 of the Restatement, the undisputed facts establish that the implementation of the allegedly deficient traffic safety plan, following its approval by the state traffic commission, rested exclusively with the town's board of selectmen and, thus, outside the defendant's legal authority or capacity. It was reasonable, therefore, for the court to decide that the imposition of a duty under § 386 was not warranted. Accordingly, we conclude that the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.